CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
MICHAEL CURTIS, State Bar No. 252392
mcurtis@bakerlp.com
**BAKER CURTIS & SCHWARTZ, P.C.**
1 California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 433-1064
Facsimile: (415) 366-2525

Attorneys for Plaintiff
CAMERON ROSETTA

JS -6

CS: **12/20/21
00:05**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON ROSETTA (on behalf of himself and all others similar situated),<br><br>Plaintiff,<br><br>v.<br><br>PAYCOM SOFTWARE, INC. and PAYCOM PAYROLL, LLC,<br><br>Defendants. | Case No. 2:19-cv-8994-AS<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

Plaintiff Cameron Rosetta's motion for approval of a class action settlement under Rule 23(e) of the Federal Rules of Civil Procedure and Private Attorneys General Act ("PAGA") settlement under Labor Code §§ 2698 *et seq.* was heard on December 20, 2021, along with Plaintiff's motion for fees, costs, and enhancement award. In light of the motions and supporting papers, as well as the arguments of counsel at the hearing, the Court renders this Judgment:

1. For purposes of this Judgment, the Court incorporates by reference the definitions in the parties' settlement Agreement. The settlement Agreement and accompanying exhibits are located at Docket No. 62-1, pp. 13-60.

2. The Court has jurisdiction over the subject matter of this action, Plaintiff, Paycom Software Inc. and Paycom Payroll LLC ("Defendants"), Class Members, PAGA Contract/Policy Aggrieved Employees, and PAGA Misclassification Aggrieved Employees. [Dkt. 67 ¶ 2.]

3. The Court directs CAC Services Group, the Settlement Administrator [Dkt. 67 ¶ 9], to perform duties to effectuate the settlement in accordance with Article I(yy) and Article III of the settlement Agreement.

4. Absent further Court approval, the Settlement Administrator shall be paid $8,002, only from the Qualified Settlement Fund, for administering the settlement, as provided for in Section 3.07(b) of the settlement Agreement.

## Class Settlement

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies the following Rule 23 class: "all current and former California Sales Representatives and Executive Sales Representatives of Defendants classified as exempt outside sales professionals from October 18, 2015 through February 28, 2021."

6. The Court finds that the class settlement meets the requirements for final approval under Federal Rule of Civil Procedure Rule 23(e)(2). The class settlement memorialized in the settlement Agreement is fair, reasonable, and adequate. The class settlement therefore, is approved.

7. The parties are directed to comply with and perform their duties necessary to effectuate the class settlement as provided in the parties' Agreement.

8. By operation of this Judgment, Participating Class Members shall release all causes of action as provided in Section 4.01 of the settlement Agreement.

**PAGA**

9. The Court finds the settlement to be fair and adequate in view of the purposes and policies of PAGA and approves settlement of the PAGA Misclassification Claims and PAGA Contract/Policy Claims. The Court also approves the form of notice to the PAGA Contract/Policy Aggrieved Employees as referenced in Section 3.06(d) of the settlement Agreement and attached to the settlement agreement as Exhibit 1(C). [Dkt. 62-1, pp. 59-60.] The parties and the Settlement Administrator are directed to comply with and perform the PAGA settlement in accordance with the settlement Agreement's terms.

10. By operation of this Judgment, the PAGA Misclassification Aggrieved Employees and PAGA Contract/Policy Aggrieved Employees shall release all claims as provided in Section 4.01 of the settlement Agreement.

**Fees, Costs, and Service Enhancement**

11. The Court awards to Plaintiff's Counsel, Baker Curtis & Schwartz, P.C., fees in the amount of $375,000 and costs in the amount of $10,101.07 and finds that such fees are appropriate considering the results achieved, the risks involved in litigation, the skill required and the quality of the work, the contingent nature of the fee, and awards made in similar cases. These amounts shall be paid only from the Qualified Settlement Fund in accordance with Section 3.07(c)(1) of the settlement Agreement.

12. The Court awards to Plaintiff Cameron Rosetta an enhancement award of $5,000 and finds this award appropriate considering the time and effort Plaintiff provided to counsel. The enhancement award shall be paid only from the Qualified Settlement Fund in accordance with Section 3.07(c)(3) of the settlement Agreement.

***

13. This Action is dismissed with prejudice. However, the Court reserves and retains jurisdiction over the Action for the purpose of supervising the implementation, enforcement, construction, administration, and interpretation of the

settlement and this Judgment.

14. This separate document is a judgment for purposes of <u>Federal Rule of Civil Procedure 58</u>.

**IT IS SO ORDERED**

Dated: December 20, 2021            / s / Sagar
                                    Honorable Alka Sagar,
                                    United States Magistrate Judge